JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Candy Holmes, an individual, And Russell Smithe, and individual | State of Utah and Vernal City, and Ben Murray, an individual, and John Does 1-15 |

**(b)**  County of Residence of First Listed Plaintiff   Uintiah County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   State of Utah
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Tyler Ayers
8341 South 700 East
Sandy, Utah  84070

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding  ☐ 2  Removed from State Court  ☐ 3  Remanded from Appellate Court  ☐ 4  Reinstated or Reopened  ☐ 5  Transferred from another district *(specify)*  ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1983 and 1988
Brief description of cause:
Wrongful Police conduct / Unlawful search and seizure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

DATE
11/28/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

TYLER B. AYRES (#9200)
AYRES LAW FIRM P.C.
tylerayreslawfirm.com
8341 S. 700 East
Sandy, Utah  84070

TROY K. WALKER (#7663)
TROY K. WALKER P.C.
tkwalker@hotmail.com
953 Pioneer Road, Suite A
Draper, Utah  84020
Telephone (801) 553-1700
Facsimile (801) 606-7576

TAD D. DRAPER (#4311)
TAD D. DRAPER, P.C.
drapertad@hotmail.com
953 Pioneer Road, Suite A
Draper, Utah  84020
Telephone (801) 553-1700
Facsimile (801) 606-7576

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| Candy Holmes, an individual, And Russell Smithe, an individual ) ) ) ) ) | |
| Plaintiffs, ) ) | Case Number_____ |
| vs. ) ) | Judge:_____ |

State of Utah and Vernal City, and      )
Ben Murray, an individual, and John    )
And Jane Does 1-15                              )

_____

        Plaintiffs Candy Holmes and Russell Smithe complain and alleges for causes of

action against Defendants as follows:

## PRELIMINARY STATEMENT

        This is a civil rights action in which Plaintiffs seek relief for the Defendants'

violations of their rights guaranteed by the Fourth Amendment to the United States

Constitution, and further secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and§

1988, and by the laws and the Constitution of the State of Utah. Plaintiffs seek damages,

both compensatory and punitive damages; affirmative and equitable relief; an award of

attorney's fees, costs, and interest; and other and further relief as this Court deems just and

equitable. This is further an action at law to redress a deprivation of rights under color of

statute, ordinance, regulation, or custom, such rights being secured to Plaintiffs by the Fourth

Amendment of the Constitution of the United States, and under the law and statutes of the

State of Utah.

## JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and federal law,

particularly under the provisions of the Fourth Amendment of the Constitution of the United States, actionable through 42 U.S.C. §§ 1983 and 1988.

2. This action seeks redress for violations of the civil rights laws of the United States. Jurisdiction is therefore invoked pursuant to 28 U.S.C.§ 1343 and 42 U.S.C. § 1983. Section 1983 provides for civil action in the event of a deprivation of rights, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the *deprivation of any rights, privileges, or immunities secured by the Constitution and laws,* shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983 (emphasis added.)

3. The claims made in this Complaint occurred and arose in the State Of Utah, in this District, and in the Central Division. Venue is therefore proper, under 28 U.S.C. § 1391.

4. Plaintiffs are seeking damages pursuant to the claims for relief specified below in amounts to be proved at trial.

## PARTIES

5. **Plaintiff Candy Holmes** and **Russell Smithe** are both citizens of the

United States of America and are residents of Uintah County, State of Utah.

6. At all times relevant therein, **Defendant Ben Murray ("Murray")** was a Vernal City Police officer, working in Vernal City, Uintah County, State of Utah; and at all times addressed herein, acting under the color of authority and in the course and scope of that employment.

7.    This action is brought against Murray in his individual and official capacity. His authority to act was derived from Utah State law and/or the commands and directives of his superiors. All of Murray's acts, as set forth in the following paragraphs, were performed under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Utah and the Vernal City Police department.

8. The State of Utah is therein named as a defendant

9. Defendant Vernal City is a city located in Uintah County, State of Utah. As part of its corporate powers, and at all times relevant therein, Uintah County maintained a Police Department. Defendant Murray was an officer and employee of the Vernal City Police department.

10.    This action is also brought against **Vernal City and the State of Utah** as a "person" liable under 42 U.S.C. § 1983.

11.    **John and Jane Does 1-15** are identified as unnamed individuals who were employed by either the State of Utah or Vernal City. Plaintiffs have not yet been able to determine the exact identity of said Does, but will do so during discovery. This action is

brought against John and Jane Does 1-15 in their individual and official capacities. Their authority to act was derived from Utah State law and/or the commands and directives of their superiors. All of the acts of the individuals and entities listed as Defendants were performed under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the Vernal City Police Department, and as authorized by the State of Utah.

12.     Plaintiffs have duly submitted a Notice of Claim pursuant to Utah Code Annotated Section 63G-7-401 upon the State of Utah and against Vernal City, and the time to respond has now past, and the claim is therefore deemed denied. Judicial action is therefore timely and appropriate.

## FACTUAL ALLEGATIONS

13. The State of Utah, pursuant to Utah Code § 58-37f-301, created and maintains a computer Database that records and tracks the prescription drug history of all Utah Citizens (the "System", or "Database"). This Database is a recording of medical history and contains personal, sensitive, and private information. The State Database is updated each time any person fills a prescription. This Database ought to be protected against unnecessary viewing for the protection of the citizens of the State of Utah. The State of Utah makes this Database available to various agencies including law enforcement. The State of Utah allows law enforcement agencies and law enforcement officers' access to this Database and thus, the personal information of Utah Citizens.

14. Beyond agency access, the State of Utah does not safeguard personal prescription information from unlawful access or dissemination by the Database users it knows about. This allows

law enforcement officers and other government agents, <u>inter alia</u>, free and open access to learn the names, addresses, types of drugs, quantities of drugs, dates drugs reach the hands of individuals, corresponding treatments, and underlying conditions of the public at large.

15. Ostensibly, with this information a law enforcement officer has the opportunity to learn what prescriptions are being provided to any person. Once they know who is being prescribed drugs they deem desirable, the officer has the opportunity to view these people's criminal history and other related matters, presumably to "investigate" illicit activity through other state maintained databases'. Simultaneously, the officer can easily determine where the people are living. With this private, protected information, this officer is enabled by the State, and local government, to plan, conspire to steal/convert these drugs to their own use, under color of law from individuals who are under the power and authority of law enforcement and who are particularly ill suited to protect their own rights.

16. Vernal City is a political subdivision of the State of Utah and is an authorized user of the State controlled prescription drug database, and has further failed to implement adequate safeguards for, and adequate monitoring of, the System. The State of Utah and the City of Vernal allowed full access to this Database and its highly sensitive and private information to law enforcement officers (and others) in the employment of Vernal City.

17. From January 2011 through August 2011 in at least 30 separate incidents, Vernal City Police Officer Ben Murray, in his capacity as police officer and under color and authority of law, used the prescription drug database to gain personal information about each Plaintiff.

18. Officer Murray accessed the State Database from his personal computer as well as his

State issued computer. The State Database allowed him to determine which medication each Plaintiff was prescribed, how much medication they were prescribed, and specifically when the Plaintiffs filled the prescriptions. Murray became aware that Plaintiffs were prescribed narcotic pain medication for conditions that caused each of them significant physical pain. He knew when the medicine was available for them to pick up and how much they were supposed to be taking for their specific conditions. He took this private information and went to the Plaintiffs' home in a systematic operation to steal their prescription pain medication and convert it to his own illicit use.

19. Officer Murray appeared at the Plaintiffs home in his police car, attire, armed with his service weapon and displaying his badge. Officer Murray obtained unlawful access to the Plaintiffs' home. Officer Murray told the Plaintiffs that he had come to their home "on police business" in order to conduct a "pill check" i.e. an official police inventory of the Plaintiffs' prescription pain medication. While in their home he discussed their specific medications and conditions with them thereby demonstrating that he was in fact privy to this private information and therefore authorized by the "government" to know their personal business.

20. Once in the Plaintiffs home, Officer Murray illegally detained the Plaintiffs via his overt show of police force including, display of his badge, weapon, and his clear statement of official police business in conjunction with the threat of arrest for non- compliance.

21. While unlawfully detaining the Plaintiffs, Officer Murray interviewed the Plaintiffs regarding their prescriptions and other personal business. Officer Murray required that the Plaintiffs produce all of the prescription pain medication in their home knowing exactly what they had, how much they had and when they got it via the State Database. He told the Plaintiffs that he knew they had

recently filled a prescription and that he knew how many pills they should have. Officer Murray forced the Plaintiffs to dump their pill bottles out and then he counted their pills. While counting the pills, he distracted the Plaintiffs with interrogation and surreptitiously stole part of their medication by slipping pills into his pockets.

22. Officer Murray personally knew the Plaintiffs. He knew they are part of a vulnerable segment of the community. He knew that the Plaintiffs are disadvantaged, have a criminal history, mental health issues, poverty, lack of education and lack of status. Officer Murray knew that the Plaintiffs' life situations, mental capacities, and weaknesses would make them especially vulnerable targets to an officer of the law. He assessed the Plaintiffs and knew that they would be unlikely to question him or to figure out that his actions against them were unlawful. He hoped that they would be too dumb to notice the pills were missing. He counted on the fact that they would be too scared to stop him from coming into there home and stealing their medication because of his status as law enforcement.

23. Officer Murray used his position of authority and the trappings of his power, i.e. badge, gun, police car, and threat of arrest to intimidate and force the Plaintiffs to comply with his systematic robbery of them. Officer Murray specifically picked the Plaintiffs in this case because he had access to their personal information, which he obtained in his employment as a Vernal City Police Officer. Armed with the Plaintiffs' personal information obtained from the State computer Database, Officer Murray determined that these Plaintiffs were regularly prescribed the drugs he wanted and then Officer Murray systematically attacked the Plaintiffs and robbed them of their property.

24. Officer Murray violated the Federal and State Constitutional and Civil rights of

Plaintiffs' Candy Holmes and Russell Smithe in more than thirty (30) separate incidents.

25. Murray's actions directly and proximately caused Plaintiffs to suffer physical pain, extreme shock, severe emotional distress, humiliation, embarrassment, and instilled in them a significant and continuing fear of law enforcement officers.

## FIRST CAUSE OF ACTION

### Illegal Search, Seizure, and Detention
### Against Ben Murray in his Individual and Official Capacities

### In Violation Of The Fourth Amendment to the U.S. Constitution
### Cognizable Under 42 U.S.C. § 1983

26. Plaintiff incorporates by reference all above allegations.

27. Murray, acting under color of law, and under his authority as a Police Officer, illegally detained the plaintiffs, and took possession of their prescription medication from them without a warrant, reasonable suspicion, or probable cause.

28. Murray's illegal actions violated their Fourth Amendment rights to be free from unreasonable searches and seizures within their own home.

29. By reason of Murray's conduct, which was an outrageous abuse of power and authority, Plaintiffs were deprived of the rights, privileges, and immunities secured to their by the Fourth Amendment to the Constitution of the United States, and were deprived

of their rights under the Utah Constitution as well.

30. Murray's egregious misconduct directly and proximately caused Plaintiffs to suffer physical pain, extreme shock, severe emotional distress, and instilled in them a significant and continuing fear of law enforcement officers.

31. The above-described violations of Plaintiffs' rights are actionable under 42 U.S.C. § 1983, and they are entitled to judgment against Murray under that section for damages in an amount to be proven at trial.

32.    Plaintiff's are entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

33. Murray's actions, as set forth above, were intentional, wanton, deceptive, malicious, and oppressive, thus entitling Plaintiffs to an award of punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Failure to Supervise and/or Train
**Against Vernal City And Against the State of Utah**

### Cognizable Under 42 U.S.C. § 1983

34. Plaintiff incorporates by reference all above allegations.

35. Defendant Vernal City and the State of Utah are each a "person" for purposes of a § 1983 action.   Vernal City and the State of Utah may therefore be sued directly for

unconstitutional policies, customs, abuses, practices, or inadequate supervision that led to or acquiesced in the violation of Plaintiffs' constitutionally protected rights. The failure of a City or State to adequately supervise and/or have policies and practices in place to protect a citizen's constitutional rights is actionable pursuant to 42 U.S.C. §1983.

36. A 42 U.S.C. §1983 claim against Officer Ben Murray, acting in his official capacity is essentially a claim against Vernal City and the State of Utah. Such claim may be asserted based on allegations of negligence in hiring, training, and/or supervising employees, and in failing to monitor its prescription database or build in safeguards to protect against database abuses.

37. At all times relevant to this Complaint, Officer Murray, as an officer of the Vernal Police Department, was acting under the direction and control of that Office, which acted through its managers, supervisors, agents, and employees who were responsible for its deputies, its operations, and for making and upholding the policies of said Office.

38. The State of Utah created and maintained the database, and made it available to Vernal City, and also Officer Murray, without implementing safeguards to protect its use in ways that would violate the Federal and State Constitutions and the guarantees and protections of 42 U.S.C. §1983.

39. Based on information and belief, Vernal City, failed to adequately supervise Officer Murray, in deliberate indifference and reckless disregard for the welfare of

the public at large, including Plaintiffs.

40. The State of Utah and Vernal City repeatedly and knowingly failed to restrict and monitor the open and unfettered access to the State Prescription Database and thereby allowed repeated violations of the laws of the State of Utah, the United States Constitution, and Constitution of the State of Utah and/or its own policies. Such failure has created a pattern, policy, practice, custom, and/or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted by the State of Utah and Vernal City, in deliberate indifference and reckless disregard for the public at large, including Plaintiffs.

41. Vernal City and the State of Utah have failed to adequately monitor its database, and monitor its users, and particularly that of Officer Murray, in deliberate indifference and reckless disregard for the public at large, including Plaintiffs.

42. The violations of Plaintiffs' rights are actionable under 42 U.S.C. § 1983, and Plaintiffs are entitled to judgment against Vernal City and the State of Utah due to their actions, or inactions, in an amount to be proved at trial, plus costs and attorneys fees pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

### Illegal Search and Seizure Under the Utah Constitution
### Against   All Defendants, for Violations of the
### Constitution of the State of Utah, Article I, Sections 7 & 14

43. The allegations contained in the paragraphs above are incorporated by

reference.

44.   Utah Constitution Article I, Section 7 states: "No person shall be deprived of life, liberty, or property without due process of law." This provision mirrors a part of the Fourteenth Amendment ("...nor shall any State deprive any person of life, liberty, or property, without due process of law...").

45.   Utah Constitution, Article I, Section 14 states:

> The right of the people to be secure in their persons, houses, papers and effects against ***unreasonable searches and seizures*** shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the person or thing to be seized.

(Emphasis added).

46.   Even though Plaintiffs have filed a Notice of Claim in this action, A Utah State Constitutional provision is self executing:

> ... if it articulates a rule sufficient to give effect to the underlying rights and duties intended by the framers. In other words, courts may give effect to a provision without implementing legislation if the framers intended the provision to have immediate effect and if "no ancillary legislation is necessary to the enjoyment of a right given, or the enforcement of a duty imposed...."

*Spackman v. Uintah School Dist.,* 2000 UT 87, 16 P.3d 533,535.   No notice of claim is required for a self executing Utah constitutional claim:

> ... when a plaintiff brings suit under a "self executing" Utah constitutional clause, no notice of claim is required. See, e.g., *Heughs Land, L.L.C v. Holladay City,* 113 P.3d 1024, 1027 (Utah Ct.App.2005).

*Tiscareno v. Frasier,* 2009 WL 4730785 (D. Utah 2009).

47. Plaintiffs have been subjected to numerous separate individual incidents (and torts) and violations of their civil and constitutional rights including:

1. Systematic unlawful entry and search of their homes and persons;
2. Systematic unlawful seizure of personal property;
3. Systematic unlawful detention and arrest;
4. Systematic unlawful threat of arrest and prosecution;
5. Systematic negligent infliction of emotional distress,
6. Systematic intentional infliction of emotional distress,
7. Systematic false imprisonment;
8. Systematic assault

48. Existing remedies do not redress the violations of the rights of Plaintiffs, primarily since the violations have already occurred, and the damage to Plaintiffs' rights has accrued.

49. *Equitable relief* would be and is wholly inadequate to redress the injuries and damages to Plaintiffs, primarily since the violations have already occurred, and the damage to Plaintiffs rights has accrued.

50. Defendant Murray exhibited a shocking degree of disregard to the rights of privacy, and the right to be free from unlawful and unreasonable searches and seizures.

51. As a direct and proximate result of Murray's deliberate and violative actions, Plaintiffs suffered physical pain, severe emotional distress, fear and humiliation.

52. Plaintiffs seek compensatory damages for these constitutional violations in an amount to be determined at trial.

53. Plaintiffs seek punitive damages as may be allowed by law.

## JURY DEMAND

Plaintiff requests a jury trial on all issues in this case.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. For general compensatory damages in an amount to be determined at trial;

2. For special damages as are shown at trial;

3. For punitive damages against the named individuals and/or Doe Defendants as may be allowed by law;

4. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

5. For Plaintiff's costs and reasonable attorney fees, pursuant to 42 U.S.C. 1988; and

6. For such other and further relief as the Court deems just and proper.

DATED this    day of November, 2012.

Tyler Ayres
Ayers Law Firm, P.C

Troy K. Walker
Troy K. Walker P.C.

Tad D. Draper
Tad D. Draper P.C.

*Attorneys for Plaintiffs*