IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CANDY HOLMES, an individual, and RUSSELL SMITHE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF UTAH and VERNAL CITY, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO QUASH <br><br><br> Case No. 2:12-cv-1098 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Brooke Wells |

Pursuant to Federal Rule of Civil Procedure 45(c),[1] Defendant Vernal City (the City) moves the Court for an order quashing two non-party subpoenas issued by Plaintiffs Candy Holmes and Russell Smithe (Plaintiffs).[2] The City filed their motion on March 7, 2014 and as of the date of the Court's decision there has been no opposition filed by Plaintiffs.[3] As set forth below, the Court GRANTS the City's Motion to Quash.

District courts have the discretion to quash subpoenas that violate procedural rules.[4] The City argues the subpoenas should be quashed because "(a) Plaintiffs failed to provide notice to the Defendants; (b) Plaintiffs failed to comport with service requirements; and (c) the Subpoenas are untimely."[5] The Court is persuaded by each of these arguments.

---

[1] Fed. R. Civ. P. 45(c).

[2] Docket no. 33.

[3] Local Rule 7-1(d) provides that a "Failure to respond timely to a motion may result in the court's granting the motion without further notice." The time for Plaintiffs to respond has passed. *See* DUCivR 7-1(b)(3).

[4] *See e.g.*, Fed. R. Civ. P. 45(c)(3) ("On timely motion, the issuing court must quash or modify a subpoena that : (i) fails to allow a reasonable time to comply;"); *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990) ("A motion to quash a subpoena is left to the sound discretion of the trial court.").

[5] Mtn. p. 3.

The fact discovery deadline in this case is March 1, 2014.[6] On February 24, 2014, a copy of the subpoenas was provided to the City.[7] One subpoena (the Simms Subpoena) was served on February 28, 2014,[8] and there is no proof of service in the record regarding the other subpoena (the Aheam Subpoena). The Simms Subpoena demanded production of certain documentation within 10 days of receipt, which would place the deadline for production after the fact discovery deadline. And the Aheam Subpoena also required production of certain documentation after the discovery deadline. As has been noted by other courts, a request for documents under Rule 45 is discovery and must comply with the discovery cutoff date.[9] The requested discovery here failed to comply with the discovery cutoff date and therefore the subpoenas are untimely.

Further the local rules require that a party must provide notice of a subpoena to a nonparty to the other parties in the lawsuit "at least five (5) days prior to service of the subpoena on the nonparty."[10] The purpose of this notice requirement is to allow an opposing party the opportunity to object to or quash the subpoena before it is served on the nonparty.[11] Here Plaintiffs failed to provide adequate notice to the City of the nonparty subpoenas. Therefore Plaintiffs failed to comply with the Local Rules.

---

[6] Docket no. 28.

[7] Mtn. ex. A (Sims Subponea); ex. 2 (Ahearn Subpoena).

[8] Docket no. 32.

[9] *See Engles v. Hilti, Inc.,* 2012 WL 6726441 *1 (N.D.Okla. 2012) ("Having determined that a request for documents under Rule 45 is discovery, the question is whether a party may use the Court's subpoena power to compel document discovery after the Court's discovery cutoff date. The answer is no.").

[10] DUCivR 45-1 (Five days notice must be provided for service pursuant to Federal Rule 5(b)(2)(A)).

[11] *See Butler v. Biocore Med. Tech. Inc.,* 348 F.3d 1163, 1173 (10th Cir. 2003) (concluding that the plaintiff violated Rule 45 by failing to provide a party to the lawsuit prior notice of a subpoena served on a nonparty); *Sanders v. Yellow Cab Drivers Ass'n, Inc.,* 2012 WL 464348 *3 (D.Utah) (noting the defendants failure to provide the plaintiffs with the requisite notice of subpoenas issued on a nonparty).

CONCLUSION AND ORDER

Accordingly based upon the foregoing reasons and on account of Plaintiffs' failure to oppose the City's motion, the Court GRANTS the Motion to Quash.[12]

IT IS SO ORDERED.

DATED this 1 April 2014.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[12] Docket no. 33.